Deeds *v.* Deeds.

## DEEDS *v.* DEEDS.

A final decree cannot be changed, altered, or reversed, except upon application by bill or petition for cause, to the court which rendered the same, or to an appellate court.

Cost on an attachment for contempt cannot be awarded in favor of the party against whom the writ issued.

IN EQUITY. *Appeal from the Des Moines District Court.*

Lucy Ann Deeds filed her petition in chancery against Silas Deeds, her husband, praying a divorce *a vinculo matrimonii.*

Petitioner sets forth that she had three children by her husband, to wit, Edward, a son, about nine years of age, Martha, about four, and Maria, about two years of age; that her husband repeatedly offered such indignities that her situation was intolerable.

Petition filed in the district court of Washington county, and demurred to, because no averment that petitioner was a resident of Washington county. Demurrer overruled.

Complainant then applied for alimony for the support of herself and children pending the suit, and for counsel fees to enable her to prosecute. And it was ordered by the court,

that respondent pay to her, or to the clerk of Louisa county district court for her, the sum of fifty dollars counsel fee, and also two dollars per week for the support of herself and children.

At the same term, the *venue* was ordered to be changed to Louisa county; from whence, at the succeeding term, it was removed to Des Moines county, where, after hearing, a final decree of absolute divorce was granted. And it was ordered, that the two oldest children remain with the father, and the youngest female remain with the mother; and that Silas Deeds pay the mother, Lucy Ann Deeds, the sum of fifty dollars, annually, for the support of said child.

On the 2d of November, 1846, a writ of *habeas corpus* was issued on petition of Silas Deeds, directed to Lucy Ann Deeds and George W. Furman, to bring in the body of Martha Deeds; to which neither of them made return until brought into court on attachment, when Lucy Ann Deeds petitioned to have that part of the decree of June term, giving custody of Martha, to Silas Deeds, annulled, and to have the custody of the child given to her; which petition was granted, and the cause, shown by return of defendants to the writ of *habeas corpus*, was held good and sufficient, and the defendants discharged thereupon, and Silas Deeds adjudged to pay all costs.

*Hall* and *Mason*, for appellant.

*D. Rorer*, for appellee.

*Opinion by* HASTINGS, C. J. At the June term of the district court of Des Moines county, 1847, a decree of divorce was rendered on the application of respondent, against the relator. The decree was rendered on petition and answer; and among other things, it was ordered and decreed, that the two oldest children remain in the custody of the father. It is conceded that the child, whose custody is sought by the relator, by the writ of *habeas corpus*, is one of the oldest children, as specified in the decree.

This part of the decree is not a mere temporary order, as counsel supposed who argued this case. The entire decree, except as to alimony and the custody of the youngest child, was a final decree; and that part of the decree awarding the custody of the two oldest children to the father is absolute, and cannot be changed, altered, or reversed by any court except an appellate court, or upon application by bill or petition to the court which rendered the same, impeaching it for fraud, or showing a mental, moral, or physical incapacity in the father to perform the duties of a guardian over his own offspring, happening since the decree.

In suing out his writ of *habeas corpus*, then, to obtain the custody of the child, the relator was pursuing the right guarantied to him by a fixed and solemn decree of the court.

The record shows, that while the relator was before the court, on the 18th of October, 1847, prosecuting his writ of *habeas corpus*, a return having been made to the same, (the respondent and child being present in court,) was suddenly interrupted by a petition of the respondent, praying the court to alter and reverse that part of the decree awarding to the relator the custody of the child. That the court entertained the application, gave time to the relator to prepare a defense to the same, but immediately, or at least on the same day, granted the petitioner's prayer for rescinding, &c., and gave the custody of the child to the respondent, subject to future orders; and this we think was error.

The relator had never been served with process, ruled to plead, answer, or demur to this petition; nor had the same been set down for hearing, according to the generally recognized rules of chancery practice. From the fact that counsel have argued this case upon the basis that the decree in relation to the custody of the children was merely temporary, and subject to the future orders of the court, it is probable that the court below was led into the same error, as we will not presume that the court would alter a final decree, rendered at a previous term, in this summary manner, unless for mistake or fraud.

The court awarded the temporary custody of the child to the mother upon inspection. What other evidence moved the court to make such order does not appear of record. But we have no doubt the court was actuated by the purest motives; that the ill health of the child, and its many wants and necessities, which none but a mother can administer to, imperatively demanded this temporary action of the court. But there can be as little doubt that the father was legally entitled to the custody of the child. And such are now his rights, and will be, so long as the decree of the court remains.

What the emergency was which demanded a temporary relaxation of this decree, does not appear of record.

It seems the writ of *habeas corpus* has lost its force and power, and it will be necessary for the relator to procure another writ. We cannot, therefore, give the relator relief under the present proceedings. We think it was also error to tax the costs of attachment for contempt to the relator.

The respondents were in contempt of the process of the court, or of the judge of that court, and it would be contrary to all practice and precedent to discharge a party in contempt from payment of cost.

It is not necessary here to examine and consider the right set up by the parties to the custody of the child, nor the various questions raised in relation to sufficiency of deposition and character of the same, and the condition of the parties and capacities of each to maintain and educate their offspring. We cannot do this without going behind the decree. That part of the proceedings of the court below, as follows, " And it is also further ordered and adjudged, and decreed, by the court here, that the decree giving the custody of the said Martha to the said Silas Deeds be rescinded and set aside, and that the custody of the said Martha Deeds be given to the said Lucy Ann Deeds, the mother of said child, exclusively, until the further order of this court," is reversed.